## FISCHER-LIEMANN CONSTRUCTION CO. v HAASE et

Ohio Appeals, 1st Dist, Hamilton Co.

*No. 5710. Decided Feb. 26, 1940.*

W. A. Rinckhoff, Cincinnati, for appellee.

David V. Attig, Cincinnati, and Harold C. Knecht, Cincinnati, for appellants.

## OPINION

By ROSS, J.

Appeal on questions of law from the Court of Common Pleas of Hamilton County, Ohio.

The plaintiff offered in writing to brick veneer the residence of the defendants, and make certain alterations and repairs in and about the premises. This offer was accepted by the defendants. A number of additions and changes were made in the original contract by stipulations in writing and other changes were made under alleged verbal orders of the defendants.

The defendants not having paid for the work, labor and materials furnished, the plaintiff instituted the present action by which it sought, first, a judgment against the defendants for the contract price, plus compensation for the labor and materials involved in the supplemental agreements; second, that in default of payment of such judgment, an order for the sale of the premises against which they asserted a mechanic's lien. A number of other lien holders were made party defendants and filed answers and cross-petitions.

The case, as here considered, presents a contest between the owners of the property and the plaintiff contractor, it being asserted by the owners that the contractor wholly failed to perform his contract and that a great portion of his work is so unsatisfactory that it will be necessary to tear it out and replace it.

It is also claimed by the owners that the contract was illegal in that the parties agreed to a type of construction prohibited by the building code of Cincinnati, in which city the premises were located.

The trial court, a jury having been waived, considered that there had been substantial compliance as to the brick veneer work, that the plaintiff had failed to establish obligation on the part of the defendants to pay for the changes based upon verbal agreements; that the work and material furnished under written supplemental contracts was satisfactory and that certain other work performed, condemned by the building inspector, was not properly installed.

Judgment was rendered against the defendants accordingly—deducting the amounts claimed under the verbal agreements, and allowing a deduction for the work condemned.

No cross-appeal has been filed by plaintiff.

We will first dispose of the claim that the contract as to brick veneer was illegal, void, and unenforceable.

The section of the ordinances of the

City of Cincinnati applicable to the building code are incorporated in the Bill of Exceptions.

"Section 1661—Section 4.

**Masonry Veneer.** In all cases before applying masonry veneer a substantial waterproofed paper or asphalt saturated felt weighing not less than 14 pounds per 100 square feet shall be applied weatherboard fashion directly over the sheathing or backing as specified for "Stucco" in Sec. 1948.

Masonry Veneer shall not be less than 2½ inches thick for one story, and not less than 4 inches thick for more than one story. The masonry shall be bonded to the sheathing at the studs by means of corrugated galvanized iron 24 U. S. Standard gauge strips or twenty penny nails, in both cases not more than 16 inches apart horizontally and 12 inches apart vertically. Such veneer shall not be permitted more than 30 feet high. The veneer shall be supported directly on the foundation of the building."

This case being tried in the Common Pleas Court, it was necessary for the defendants to produce evidence of such ordinances of the City, which were desired to be considered by the Court, although it was not necessary for the defendants to plead them, since no affirmative relief was sought by defendants. **Hanna v Stoll, 112 Oh St 344; Knisely v Community Traction Co., 125 Oh St 131.**

We find no evidence of any penal provision among the ordinances offered in evidence.

Counsel for defendants refers in his brief to certain provisions of the ordinances, in which it is provided that it shall be unlawful to ' maintain, occupy, or use" a building erected in violation of the building code of the city, but such ordinances are not found among those introduced in evidence.

The plaintiff's counsel refers to another section of the building code also not introduced in evidence providing a penalty for any one who violates such code.

Now, none of these ordinances makes a contract to construct a building contrary to the provisions of the code unlawful, or even the construction of such building unlawful.

Such contracts, especially where executed on one side, are not unlawful, unenforceable, and void, merely because a penalty is attached to a violation of the ordinances, or the violation of the ordinances prohibited.

In **Commercial Credit Co. v Schreyer, 120 Oh St 568,** the first and second paragraphs of the syllabus are:

"1. **Secs. 6310-3 to 6310-14,** inclusive, **GC,** are penal statutes and those statutes are also in derogation of the common law and should be construed according to their exact and technical meaning, and their application, should be limited to cases clearly described within the words used.

"2. Those sections declare it to be unlawful to sell or to give away a motor vehicle unless at or before such sale or gift the seller shall execute and deliver a bill of sale therefor, and prescribe other procedure in perfecting transfer of title. They do not declare the contract itself to be unlawful if executed in a manner other than that prescribed."

In the opinion, the court at page 581, quotes from Harris v Runnels, 53 U. S. (12 How.), 79, 13 L. Ed., 901, as follows:

"In Harris v Runnels, 53 U. S. (12 How.), 79, 13 L. Ed. 901, the United States Supreme Court laid down a rule which has never been overruled, but which has been followed in a variety of cases:

" 'Where a statute prohibits an act or annexes a penalty to its commission, it is true that the act is made unlawful, but it does not follow that the unlawfulness of the act was meant by the legislature to avoid a contract made in contravention of it.' "

In **Warren People's Market Co.** v **Corbett & Sons**, 114 Oh St 126, the first paragraph of the syllabus is:

"In construing a statute which imposes specific penalties for its violation, the court must examine the entire act to determine whether or not it was the purpose of the Legislature, in addition to imposing express penalties for the violation of the law, to render void any contract based on the prohibited act."

See also: Section 580, Restatement of Law of Contracts.

Giving the defendants, therefore. the utmost advantage of all that is claimed in the way of the introduction of ordinances, the claim for illegality of the contract must be denied.

No appeal having been prosecuted by the plaintiff as to the disallowance of the claims of the plaintiff, based upon the verbal agreements, the conclusion of the trial court must remain.

There can be no question also that the finding of the trial court allowing a deduction for the work condemned by the building inspector was proper.

The only matter that remains to be considered is that involving the installation of the brick veneer.

The proper method of putting bricks over the surface of the bulding was unquestionably not followed. The difficulty with the defendants' position, however, in the main is due to the fact that they accepted an offer of the plaintiff to put on the veneer in an improper manner. The fact that the defendants probably did not realize the defects in such construction is not available as a defense, especially as they stood by and saw the veneer applied to their residence. They were in daily contact with the work as it progressed. The most serious criticism of the veneer work is that the bricks, instead of being laid upon the four inch face, were laid one upon the other on the two inch face. In cases where the work extends above the first story this is prohibited by the Building Code. Both the plaintiff and defendants are presumed to know this. Certainly, the plaintiff actually knew it and should have refused to construct the work in violation of the Code. He actually led the building commissioner astray in securing the permit for remodeling the building.

Bricks, according to the record, have a rough porous face on the four inch face, and a glazed surface on the two inch face. The mortar naturally adheres more strongly to the rough face than to the glazed face. The porous face is less impervious to weather than the glazed face, intended to withstand the effect of weather conditions. Even though such be the case, there is no evidence that the defendants were not aware of the difference in effectiveness of the two methods of laying the brick. The defendants contracted to have the veneer applied in the less effective manner. They cannot now complain that the plaintiff did just what they contracted he should do.

Other defects in the construction of the veneer are also noted. It is claimed the foundation was not properly tied in, according to the contract, that the walls are out of plumb, that angle-irons were not inserted at proper intervals.

The trial court was undoubtedly influenced by the conclusion of the building inspector that the veneer as applied, while not in accordance with the code "was not unsafe".

We are unable to find sufficient basis for concluding that its finding was contrary to the weight of the evidence.

Finding no error, prejudicial to the appellants, to have intervened, we affirm the judgment of the Court of Common Pleas.

HAMILTON, PJ. and MATTHEWS, J., concur.